**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABAI CONSTRUCTION, INC., a California corporation; RAFAEL GABAI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, a Pennsylvania corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:13-CV-09479-FMO-AJW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Case Filing Date:** December 2, 2013<br>**Trial Date:** None |

WHEREAS, this action involves an insurance coverage dispute between building contractor Gabai Construction Inc. ("Gabai") and Lincoln General Insurance Company ("LGIC") in connection with a commercial general liability policy issued by LGIC to Gabai for the policy period October 15, 2002 to October 15, 2003 ("LGIC Policy");

WHEREAS, in December 2007, following an arbitration award, LGIC disclaimed coverage under the LGIC Policy and withdrew from the defense of certain cross-claims ("Cross-Claims") that had been first filed against Gabai in the

underlying action Los Angeles Superior Court, Case No. BC 303348 (the "Underlying Action") regarding certain alleged construction defects with respect to a residential construction project in Beverly Hills, California ("the Project") in which Gabai was the general contractor;

WHEREAS, in the instant action, Gabai has asserted claims for relief against LGIC for breach of contract, breach of the implied covenant of good faith and fair dealing and declaratory relief and has alleged that LGIC wrongfully denied coverage under the LGIC Policy when it withdrew from the defense of the Cross-Claims;

WHEREAS, LGIC denies any liability to Gabai and contends that it properly disclaimed coverage pursuant to the LGIC Policy;

WHEREAS, Gabai is presently prosecuting certain claims for indemnity against certain subcontractors who had been hired by Gabai to work on the Project in an action pending in the Los Angeles County Superior Court, Case No. SC119117 (the "Indemnity Action");

WHEREAS, discovery in this action by plaintiffs Gabai and Rafael Gabai ("collectively the Gabai Parties") and LGIC (collectively the "Parties") will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation, confidential and attorney-client communications generated in the Underlying Action between Gabai and its counsel regarding the Project, the Cross-Claims, the LGIC Policy and coverage disputes between Gabai and LGIC; attorney work product concerning the foregoing matters; non-public proprietary internal guidelines or reference materials of LGIC and/or non-public financial records or proprietary documents of the Parties.

WHEREAS the Parties to this action believe that unrestricted disclosure or dissemination of such information could cause them injury, including but not limited to, Gabai's prosecution of the Indemnity Action, and desire an efficient and

practicable means to designate such information as confidential and control its disclosure or dissemination;

NOW, THEREFORE IT IS HEREBY STIPULATED by the Parties, by and through their respective attorneys of record, pursuant to Fed. R. Civ. P. 26(c)(1)(G) and 29, subject to the approval of the Court, that discovery in this case of confidential information shall be had on the following terms and conditions:

## I.  DEFINITIONS

1.1  As used herein, the term "confidential information" or "CONFIDENTIAL" means:  (a) any type of information that has not been made public and the disclosure of which the disclosing party contends would (i) cause substantial harm to the disclosing party's business operations or to their own privacy interests or the privacy interests of their customers or third parties, or (ii) disclose their confidential financial affairs or transactions; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in Cal. Civil Code § 3426.1(d)) or other confidential research, development, or commercial information. Confidential information shall not include information (i) that comes into the public domain, unless it is through the action of the Receiving Party; (ii) is disclosed to the Receiving Party by a third party not under any confidentiality restrictions; or, (iii) that is required to be disclosed pursuant to subpoena or valid governmental requirement.

1.2  As used herein, the terms "document," "documents," "tangible things," "recordings," and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories,

responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

1.3   The term "concerning" shall be construed broadly and shall mean, for example, referring to, pertaining to, evidencing, containing, describing, reflecting, regarding, illustrating, mentioning, embodying, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

## II.   DESIGNATION OF CONFIDENTIAL INFORMATION

2.1   This Protective Order applies to all discovery responses, documents, testimony, and other materials disclosed in this action that are designated by a party as CONFIDENTIAL as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this action.

2.2   Any party may protect information it believes constitutes its confidential information by designating such information as CONFIDENTIAL prior to or at the time of disclosure of such information. Such designation shall be accomplished by placing the notation CONFIDENTIAL on every page of each document or portion thereof so designated.  In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the notation CONFIDENTIAL shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the document itself and to the confidential information contained therein.

2.3   Confidential information so designated shall be used only for the purposes of this litigation and may not be used by any party to which that information is produced or disclosed for research, development, sales, marketing, publicity, or competitive purposes, or any other purpose.  Confidential information

so designated shall not be disclosed to anyone other than those persons identified in Paragraphs 4.3 and 4.4, *infra*, except as may be ordered by the Court or agreed to in writing by the Parties.

2.4   The Parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL that are (a) not entitled to such designation, or (b) are generally available to the public.

## III.   DEPOSITIONS

3.1   With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on designated confidential information, the deposition reporter and/or videotape operator shall be informed of this Protective Order by the party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with Paragraph 4.5, *infra*. The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated confidential information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER".  Counsel for the Parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL from being disclosed to any person, except as provided in this Protective Order.

3.2   All testimony at a deposition shall be presumed to be designated CONFIDENTIAL if this Protective Order is invoked at any time during the deposition until the specific pages of the transcript containing designated confidential information are identified and designated CONFIDENTIAL as provided below.  The designating party shall, within ten (10) business days after receiving a copy of the deposition transcript, provide all Parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party has designated CONFIDENTIAL.  If the non-designating party believes there

is good cause for these specific deposition designations to be made in fewer than ten (10) business days and makes a reasonable request therefor specifying the basis for the expedited request, the designating party shall make good faith efforts to provide all Parties with a written list of the designated pages and exhibits within the timeframe requested by the non-designating party.

3.3   Each deponent to whom any party proposes to disclose designated confidential information at a deposition shall be given a copy of this Protective Order and informed of its contents.  After reading this Protective Order, the Parties shall take all reasonable steps to have such witnesses sign the declaration attached hereto as EXHIBIT A and referenced herein in Paragraphs 4.5 and 4.6, *infra* ("COMPLIANCE DECLARATION").

## IV.   DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION

4.1   The Parties, counsel for the Parties, and all persons who execute the COMPLIANCE DECLARATION shall maintain all designated confidential information in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this Protective Order.

4.2   While the disclosure of confidential information designated CONFIDENTIAL to persons not authorized by this Protective Order could, by definition, be prejudicial to the business, operations, or interests of the designating party or third party, the CONFIDENTIAL designation should not be overused.

4.3   Access to confidential information designated as CONFIDENTIAL shall be limited to the following persons:

4.3.1   Outside counsel for the Parties and their support personnel.  If any outside vendors (*e.g.*, copy services) are used as support personnel for outside counsel for the Parties, they shall comply with the requirements of Paragraph 4.5, *infra*.

4.3.2   Consultants requested by the Parties' counsel to furnish expert or litigation support services in this litigation.

   4.3.3 Pursuant to Paragraphs 3.1 through 3.3, *supra*, deponents at their depositions on a need to know basis.  Counsel should have a good faith belief that such disclosure is necessary before disclosing designated confidential information to the deponent.

   4.3.4 The Parties to this action.

   4.3.5 The trial Court and any appellate court, mediator, arbitrator and the Jury.

 4.4 Each (a) outside vendor authorized pursuant to Paragraph 4.3.1, *supra*, (b) consultant authorized pursuant to Paragraph 4.3.2, *supra*, (c) deponent authorized pursuant to Paragraph 4.3.3, *supra*, and (d) party authorized pursuant to Paragraph 4.3.4, *supra*, shall, prior to being given access to designated confidential information, acknowledge in writing his or her familiarity with the terms of this Protective Order and execute the COMPLIANCE DECLARATION, attached hereto as EXHIBIT A.

 4.5 Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains confidential information:  (i) to the person whom the document identifies as an author, addressee, or recipient of such document; or (ii) to a Fed. R. Civ. P. 30(b)(6) witness designated either by the party that authored the document or by the party addressee/recipient of the document.

## V. CHALLENGING A DESIGNATION

 5.1 As stated above in Paragraph 1.1, the term "confidential information," as defined herein, is directed at information that, if disclosed other than as provided in this Protective Order, would cause serious harm to the disclosing party's business operations or interests.  As further stated above in Paragraph 2.4, the Parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL that are (a) not entitled to such designation, or (b) are generally available to the public. As further stated above in Paragraph 4.2, the CONFIDENTIAL designations should not be overused. In furtherance of the goal of using the confidentiality designation

provided for herein as little as possible, the Parties hereto agree that they will actively work to avoid the over-designation of information produced in discovery in this action and use such designation only if the disclosing party reasonably and in good faith believes that the material being designated contains: (a) trade secrets; or (b) highly confidential, non-public, personal or proprietary business information, the disclosure of which would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients as delineated herein.  If only a portion of a document contains matter that meets either of these standards, then only that portion will be designated CONFIDENTIAL.

     5.2    In the event that counsel for any party at any time believes that designated confidential information should not be so designated, such counsel shall employ the procedures of Local Rules 37-1 through 37-4 to resolve that dispute. The designating party shall bear the burden of persuasion that it has properly designated the subject materials under the standards set forth herein.  The Court may impose a monetary sanction under Fed. R. Civ. P. 37(a)(4) against any party, person, or attorney who unsuccessfully makes or opposes such a motion, unless it find that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

     5.3    No party shall be obliged to challenge the propriety of a CONFIDENTIAL designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

**VI.    INADVERTENT FAILURE TO DESIGNATE**

     6.1    The inadvertent failure to designate confidential information as CONFIDENTIAL prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as CONFIDENTIAL within a reasonable time following discovery of the inadvertent disclosure.

     6.2    In the event that confidential information is designated as CONFIDENTIAL after disclosure pursuant to Paragraph 6.1, *supra*, the receiving

party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL pursuant to the terms of this Protective Order.

6.3     Should any document or information designated as CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order, and the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order, (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party that designated the document, and (c) request such person to sign the Declaration of Acknowledgment and Agreement to Be Bound By Stipulated Protective Order ("COMPLIANCE DECLARATION"), attached hereto as EXHIBIT A. The executed COMPLIANCE DECLARATION shall then promptly be served upon the party that designated the document or information.

## VII.    CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION

7.1     Confidential information designated CONFIDENTIAL shall be maintained in the custody of counsel for the Parties, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this Protective Order, to the extent necessary for their study, analysis, and preparation of the case. Except for the Court, a person with custody of information designated CONFIDENTIAL shall maintain it in a manner that limits access to it to only those persons entitled under this Protective Order to examine it.

7.2     Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, the

Parties, counsel for the Parties, and all persons who executed the COMPLIANCE DECLARATION agree that they will destroy or return to the producing party within thirty (30) days of the conclusion of this litigation all copies of any documents, other than attorney work product, containing designated confidential information produced by a party. Notwithstanding the foregoing, counsel of record shall be permitted to retain one (1) copy of the designated information attached to any pleading, motion or other papers filed with the Court, marked as an exhibit to a deposition or which is part of deposition testimony, or which is offered or admitted as an exhibit at trial. Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL documents as set forth in Paragraph 7.1, *supra*.

## VIII. MISCELLANEOUS PROVISIONS

8.1    The provisions of this Protective Order apply to all discovery in this action, including all appeals and arbitration in connection therewith. All discovery of a non-public nature shall be used solely in connection with this litigation and not for any other purpose. All discovery materials whose disclosure is restricted by this Protective Order shall not be disclosed to anyone except as provided herein.

8.2    A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by all Parties to this action. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the Parties to this action stipulate that designated confidential information can be disclosed.

8.3    By entering into this Protective Order, no party waives any objections it might have to the production of documents covered by this Protective Order.

8.4    Consistent with Fed. R. Civ. P. 26(b)(5), nothing in this Protective Order shall require production of information which a party contends is protected

from disclosure by the attorney-client privilege or work-product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.

8.5    No party to this action, by entering into this Protective Order, by designating certain information as CONFIDENTIAL, or by acquiescing in any other party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential, proprietary, trade secret or commercial information.

8.7    The terms of this Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

8.8    The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed confidential information and for all civil and/or criminal penalties, sanctions, punishments, damages and/or remedies available under the law.

8.9    Nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena in another action.

## IX.    FILING OR LODGING UNDER SEAL

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or

documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.  Notwithstanding the foregoing, as a matter of principle or policy, the Parties wish to avoid filing or lodging documents under seal whenever possible, and shall meet and confer prior to filing documents with the Court to discuss whether it is necessary to file documents in this manner, even if a document has been previously designated as "CONFIDENTIAL."

## X. VIOLATIONS OF THIS PROTECTIVE ORDER

Any person who violates any provisions of this Protective Order and/or is otherwise responsible for the improper disclosure and/or dissemination of information and/or documents that are CONFIDENTIAL pursuant to this Protective Order shall be subject to sanctions and punishment in the nature of contempt and all other civil and/or criminal remedies available under the law.

## XI. GOOD CAUSE STATEMENT

Discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following: confidential and attorney-client communications generated in the Underlying Action between Gabai and its counsel regarding the Project, the Cross-Claims, the LGIC Policy and coverage disputes between Gabai and LGIC; attorney work product concerning the foregoing matters; non-public proprietary internal guidelines or reference materials of LGIC and/or non-public financial records or proprietary documents of the Parties.

Pursuant to Fed. R. Civ. P. 26(c)(1), good cause therefore exists for entry of this Protective Order because the Parties to this action (1) either have sought or might seek the discovery of certain information in this action that the Parties believe is sensitive or confidential, (2) believe that unrestricted disclosure or

1  dissemination of such information could cause them some business or commercial
2  injury and/or prejudice Gabai in the Indemnity Action, (3) desire an efficient and
3  practicable means to designate such information as confidential and control its
4  disclosure or dissemination, and (4) have agreed to such means as set forth herein.

7  DATED: April 9, 2014           MURRAY M. SINCLAIR & ASSOCIATES

                                  By: /s/Murray M. Sinclair
                                      Murray M. Sinclair
                                      Attorneys for Plaintiffs
                                      Gabai Construction, Inc. and Rafael Gabai

13 DATED: April 9, 2014           CHARLSTON, REVICH & WOLLITZ LLP
                                  ROBERT D. HOFFMAN

                                  By: /s/ Robert D. Hoffman
                                      Robert D. Hoffman
                                      Attorneys for Defendant
                                      Lincoln General Insurance Company

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABAI CONSTRUCTION, INC., a California corporation; RAFAEL GABAI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY, a Pennsylvania corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:13-CV-09479-FMO-AJW<br><br>**DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare under penalty of perjury pursuant to the laws of the United States of America that:

1.  I am employed by _____ in the capacity of _____.

2.  I have received a copy of the Stipulated Protective Order in this action.

3.  I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the above captioned case.

4.  I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated as confidential information.

5.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt and all other civil and/or criminal remedies available under the law.

6. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

7. I further agree to submit to the jurisdiction and venue of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

DATED: _____    _____
                                    Signature

## **ORDER**

Discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following: confidential and attorney-client communications generated in the Underlying Action between Gabai and its counsel regarding the Project, the Cross-Claims, the LGIC Policy and coverage disputes between Gabai and LGIC; attorney work product concerning the foregoing matters; non-public proprietary internal guidelines or reference materials of LGIC and/or non-public financial records or proprietary documents of the Parties.

Pursuant to Fed. R. Civ. P. 26(c)(1), good cause therefore exists for entry of this Protective Order because the Parties to this action (1) either have sought or might seek the discovery of certain information in this action that the Parties believe is sensitive or confidential, (2) believe that unrestricted disclosure or dissemination of such information could cause them some business or commercial injury and/or prejudice Gabai in the Indemnity Action, (3) desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination, and (4) have agreed to such means as set forth herein.

The Parties' Stipulated Protective Order is hereby entered.

IT IS SO ORDERED.

DATED: April 10, 2014          _____
                               The Honorable Andrew J. Wistrich
                               United States Magistrate Judge